Board of Taxation
No. 78-187

JOSEPH FROST

v.

TOWN OF CANDIA

December 29, 1978

*Joseph Frost*, of Candia, pro se.

*Sullivan & Wynot*, of Manchester (*Edward D. Wynot* orally), for the town of Candia.

### MEMORANDUM OPINION

This case concerns the proper construction of RSA ch. 79-A (Supp. 1977), this State's current-use-taxation statute. A majority of the board of taxation ruled that a "change in use," RSA 79-A:7 II (Supp. 1977), occurs so as to subject land to the land use change tax at the time a subdivision plan is approved rather than when there is an actual change in the use of the land. The town of Candia appealed. We reverse and adopt the reasoning of the dissenting opinion of board member Johnson that the change in use occurs when the actual use changes.

■ ■ The purpose of RSA ch. 79-A is "to encourage preservation of open space" by removing the pressure of taxes at rates based on more extensive use. RSA 79-A:1 (Supp. 1977). It provides, however, for a change of use tax of ten percent on land which has been classified for open space assessment "when it is changed to a use which does not qualify for open space assessment." RSA 79-A:7 I (Supp. 1977).

That section, in referring to the time when the tax is to be imposed, employs the following terms: "as of the actual date of the change in use," "upon the change in land use," "when the use is changed" and "at the time of the change in use." The obtaining of subdivision approval does not by itself change the use to which the land is put. *See Blue Mountain Forest Ass'n v. Croydon*, 117 N.H. 365, 379, 373 A.2d 1313, 1321 (1977). An owner may obtain subdivision approval but delay for years the actual change in use. By continuing the tax advantage of open-space taxation until there has been an actual change in use, the preservation of open space is encouraged and the purpose of the statute is advanced.

We therefore hold that the change-in-use tax does not apply upon subdivision approval but upon the actual change in use.

*Appeal sustained; remanded.*

BOIS, J., did not sit.